**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IHF LTD., et al.,** ) | **CASE NO. 1:18 CV 1017** |
| ) | |
| Plaintiffs, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **MYRA BAG, et al.,** ) | |
| ) | |
| Defendants. ) | |

Before the Court are two motions: Defendant Markwest's Motion to Dismiss, **Doc #: 28**, and Defendant's Terry Moore & Associates, Inc., Shannon Consultants, Inc., NEST, Inc., Cathy & Co., Cheryl Lynn Associates, LLC, and Peggy Lichty & Associates, Inc.'s Motion to Dismiss, **Doc #: 33**. For the reasons that follow, Defendants' Motions to Dismiss are **GRANTED**. Moreover, the Court *sua sponte* dismisses without prejudice the claims against Defendants The Rep Connection and Penny Harrison & Co., Inc. for reasons set forth infra, at 18-19.

**I.     FACTS**

Plaintiffs IHF Ltd. ("IHF") and MONA B, LLC ("Mona B") are incorporated and headquartered in Ohio. IHF is a handbag company that owns the Mona B trademark and designs and produces goods under the Mona B name. Defendants Khemchand Handicrafts ("KH") and Myra Bag are incorporated and headquartered in India. IHF alleges it met with the owner of KH, Defendant Khemchand Katri ("Katri"), at a trade fair in India and engaged with KH to mass produce and supply Mona B handbags from April 2013 to July 2016. This relationship involved the exchange of IHF's proprietary information, such as product design files, marketing materials, and other confidential information. IHF alleges that in 2016 the supplier relationship with KH

ended and shortly after, in April 2017, Plaintiffs noticed a rebrand of KH under Myra Bag. Specifically, Mona B alleges that KH and Katri copied its' designs to produce substantially similar bags.

Based on these allegations, Plaintiffs filed a Complaint against Myra Bag, KH and Katri (together, the "Indian Defendants") on May 2, 2018, alleging claims for Copyright Infringement, 17 U.S.C. §§101, 106 and 501 et seq., Trademark and/or Trade Dress Infringement, 15 U.S.C. §1114 and the Lanham Act §43(a), False Designation of Origin/ Unfair Competition or Misleading Advertising, 15 U.S.C. §1125(a), Unfair and Deceptive Acts or Practices, O.R.C. §§1345.02 and 4165.02, and Tortious Interference with Business Expectancy. On July 6, 2018, Plaintiffs filed a First Amended Complaint, adding a claim for Conspiracy to Sell, O.R.C. §§2923.01 and 2913.01, and adding the following nine defendants: Terry Moore and Associates Inc. ("Terry Moore"), with principal place of business in Colorado; Shannon Consultants Inc. ("Shannon Consultants"), with principal place of business in New York; Penny Harrison & Company Inc. ("Penny Harrison"), with principal place of business in Washington; NEST, Inc. ("NEST"), with principal place of business in Colorado; Cathy & Co. ("Cathy"), with principal place of business in Missouri; Markwest Inc. ("Markwest"), with principal place of business in Minnesota; The Rep Connection, with principal place of business in Georgia; Cheryl Lynn Associates, LLC ("CLA"), with principal place of business in Michigan; and Peggy Lichty & Associates Inc. ("Peggy Lichty"), with principal place of business in Pennsylvania. Plaintiffs allege that these Defendants assisted KH and Katri by distributing infringing Myra Bag products or by selling infringing and non-infringing Myra Bag products in Ohio.

On August 2, 2018, the Court granted Plaintiffs' motion for extension of time to August 1, 2019 to serve the Indian Defendants due to the difficulty and time constraints of serving overseas defendants. Doc ##: 11, 12.

On September 10, 2018, Defendant Markwest filed a Motion to Dismiss for lack of personal jurisdiction. Doc #: 28. On September 15, 2018, Defendants Terry Moore, Shannon Consultants, NEST, Cathy, CLA, and Peggy Lichty filed a Motion to Dismiss for lack of personal jurisdiction. Doc #: 33. On October 23, 2018, the Court granted Plaintiffs' request to conduct three months of discovery limited to the question of personal jurisdiction, Doc #: 31 and Minutes of October 23, 2018, later extended at the parties' joint request to March 23, 2019, Doc #: 38 and Marginal Order of December 11, 2018.

The Court has reviewed the Motions, the response briefs, Doc ##: 30, 49, 50, the reply briefs, Doc ##: 52, 53, and the evidence and is prepared to issue a ruling.

## II. STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff must "set forth specific facts showing that the court has jurisdiction." *Id*. When the court is resolving the motion on the written submissions alone, "plaintiff must make only a prima facie showing that personal jurisdiction exists." *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544 (6th Cir. 2007). In reviewing the motion, the court views the pleadings "in a light most favorable to the plaintiff" and does not weigh "the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459.

Federal courts first apply the law of the forum state when determining whether personal jurisdiction exists. *Mid-West Materials, Inc. v. Tougher Indus., Inc.*, 484 F. Supp. 2d 726, 729 (N.D. Ohio 2007) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003), in turn citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887-88 (6th Cir. 2002)). If personal jurisdiction exists under the forum state's long-arm statute, the Court must then determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Id*. at 730; *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (holding that Ohio's Long-Arm statute is not coterminous with the Due Process Clause). The parties dispute whether personal jurisdiction exists pursuant to both Ohio's Long-Arm statute and Due Process.

### A. The Ohio Long-Arm Statute, O.R.C. § 2307.382

The Ohio Supreme Court has held that Ohio's Long-Arm statute does not reach the limits of Due Process; therefore, the court must analyze "whether personal jurisdiction is proper under Ohio's Long-Arm stature prior to considering whether personal jurisdiction may be exercised consistent with constitutional due process." *McMunigal v. Bloch*, No. 09 CV 01674, 2010 WL 2106186, at *3 (N.D. Ohio May 25, 2010). For a court to have jurisdiction over a non-resident defendant, the defendant must meet at least one of the criteria provided in the Ohio Long-Arm statute. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). Plaintiffs allege that jurisdiction is proper under Ohio's Long-Arm Statute, which provides in pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

    (1) Transacting any business in this state;

    (2) Contracting to supply services or goods in this state;

    (3) Causing tortious injury by an act or omission in this state;

> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> \* \* \*
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

O.R.C. § 2307.382(A).

### B. Due Process

There are two types of personal jurisdiction under the Due Process Clause, general and specific jurisdiction, either one of which is adequate to confer jurisdiction. *Conn*, 667 F.3d at 712. The Court has general jurisdiction over a corporation when its' affiliations with the state are so continuous and systematic as to render it essentially at home in the forum state. *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citing *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014)). The "paradigm" forums in which a corporate defendant is "at home" are the corporation's state of incorporation and the state of its principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). In an exceptional case, a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S.Ct. at 761 n.19; see, e.g., *id*. at n.8 (noting such exceptional cases are like that of *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-448 (1952), where a company's Philippines-based mining operations were temporarily directed by the company president in Ohio because of the Japanese occupation of the Philippines, making Ohio the proxy place of incorporation during wartime). "Maintaining

extensive operations within a state alone does not satisfy the general-jurisdiction exception. *See, e.g., BNSF*, 137 S.Ct. at 1559 (although BNSF operated one of its automotive facilities in Montana, had more than 2,000 Montana employees, and had more than 2,000 miles of Montana railroad tracks, BNSF is not subject to general jurisdiction in Montana)." *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018) (Polster, J.).

Specific jurisdiction refers to jurisdiction over claims arising from or related to a defendant's contacts with the forum state. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). The Sixth Circuit has identified three criteria for specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id*. (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Failure to meet any one of the three prongs means that personal jurisdiction may not be invoked. *Alisoglu v. Central States Thermo King of Oklahoma, Inc.*, No. 12 CV 10230, 2012 WL 1666426, at *5 (E.D. Mich. May 11, 2012) (citing *Lak, Inc. v. Deer Creek Enter*., 885 F.22d 1293, 1303 (6th Cir. 1989)).

## III. ANALYSIS

As a preliminary matter, Plaintiffs ask the Court to exclude the affidavits of certain Moving Defendants attached to their motions to dismiss. There is no case law that precludes a defendant from attaching an affidavit with specific factual averments to its jurisdictional motion. Indeed, presented with a properly supported Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a district court has three options: "it may decide the motion upon affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to

resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The method selected will affect the burden of proof the plaintiff must bear to avoid dismissal. *Id*. (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6ht Cir. 1989). "The court has discretion to select which method it will follow, and will only be reversed for abuse of that discretion." *Id*. (citations omitted).

A review of cases in the Sixth Circuit is murky with respect to the burden of proof a plaintiff bears when, as here, the plaintiff requests personal-jurisdiction discovery, its request is granted, and it conducts discovery over a period of five months. *Compare Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (where a motion to dismiss for lack of personal jurisdiction is decided solely on written submissions, the plaintiff need only make a prima facie showing that personal jurisdiction exists) with *Palnik v. Westlake Entertainment, Inc.*, 344 Fed. Appx. 249, 251 (6th Cir. 2009) (when a court "decides a motion to dismiss for lack of personal jurisdiction solely on written submissions and affidavits rather than resolving the motion after either an evidentiary hearing *or limited discovery*, the burden on the plaintiff is relatively slight, and the plaintiff must make only a prima facie showing in order to defeat dismissal.") and *Dean v. Motel 6 Operating LP*, 134 F.3d 1269, 1272 (6th Cir. 1998) (we would not use the prima facie standard if the reason for not having an evidentiary hearing was that there was no real dispute as to the facts *or to the extent of discovery*. "In such cases, plaintiffs face the same burden as they would if there had been an evidentiary hearing: proof of jurisdiction by a preponderance of the evidence."). While the Court is inclined in these particular circumstances to require Plaintiffs to show the Court has jurisdiction over the Defendants by a preponderance of the evidence, the parties appear to agree that a prima facie showing is sufficient. Accordingly,

the Court will construe Defendants' affidavit averments that conflict with Plaintiffs' evidence in a light most favorable to Plaintiffs. Where Plaintiffs' evidence does *not* controvert Defendants' factual averments, however, the Court may grant the motion.

### A. Defendants Terry Moore. Shannon Consultants, and Peggy Lichty

A case in point is the Motion to Dismiss the claims against these particular Defendants, all of whom attached affidavits in support of their motion. Doc #: 33, Exs. 33-2 (Terry Moore), 33-3 (Shannon Consultants), and 33-6 (Peggy Lichty). Despite five months of discovery, Plaintiffs apparently failed to discover evidence controverting these Defendants' factual averments. Defendants have correctly pointed out that Plaintiffs have neither provided evidence nor argument supporting why these Defendants should not be dismissed. Doc #: 52 at 1. Nor have Plaintiffs filed a motion for leave to file a surreply disputing this point. Accordingly, the Court grants the Motion to Dismiss the claims against them for lack of personal jurisdiction.

### B. Defendant Markwest

Plaintiffs allege that Markwest is subject to personal jurisdiction pursuant to Ohio's Long-Arm Statute O.R.C. §§ 2307.382(A)(1), (A)(2), (A)(4), and A(6). Supporting this contention, they have produced purchase orders evidencing that Markwest facilitates the sale of goods in Ohio through two vendors, River's Edge Products and Nora Fleming, and with Universal Direct Warehouse (UDW) in Hudson, Ohio. Doc #: 49, at 2. (citing Ex. 1, at 5; Ex. 3).[1] Plaintiffs allege that Markwest "likely" has contracts with vendors Gooseberry Patch

---

[1] From 2012-2014, IHF contracted with Markwest to act as a sales representative in Minnesota, Wisconsin, South Dakota, North Dakota, and Iowa. Doc #: 30, Ex. B. However, as Markwest correctly notes in its Reply, this contract does not give rise to the claims asserted herein as Plaintiffs produce no evidence demonstrating Markwest sold goods to Ohio under this contract and the contract period precedes the alleged infringement. Therefore, this contract is not relevant to the jurisdictional analysis.

("Gooseberry"), Michel Design Works, Ltd. ("Michel"), Malden International Design ("Malden"), and Artistic Reflections and "may" use such vendors to sell products to Ohio. Doc #: 30 at 9, 12. Plaintiffs also allege Markwest maintains a showroom in the Minneapolis Mart that Ohio retailers visit. *Id*. at 4.

Section (A)(1) confers jurisdiction over a non-resident defendant that is "transacting any business in Ohio," which is interpreted broadly to "encompas[s] more than 'contract.'" *Clark v. Connor*, 82 Ohio St.3d 309, 312 (1998). However, personal jurisdiction will be conferred under this section "only if the defendant's conduct in Ohio . . . is the 'proximate cause' of the cause of action." *United States ex rel. South Shore Elec., Inc. v. P & E Constr. LLC*, Case No. 3:17-cv-2027, 2019 U.S. Dist. LEXIS 41671, *7 (N.D. Ohio W.D. March 14, 2019) (citing *Brunner v. Hampson*, 441 F.3d 457, 465-466 (6th Cir. 2006)).

Plaintiffs have not presented any evidence that Markwest, a Minnesota company, sold Myra Bag products in Ohio, whether infringing or non-infringing. When the court is ruling without an evidentiary hearing, the plaintiff cannot rely on the pleadings alone, but must provide specific facts to establish personal jurisdiction. See *Fitness Quest, Inc. v. Inxstous*, No. 5:08CV2574, 2009 WL 10688950, at *1 (N.D. Ohio Mar. 17, 2009). According to Plaintiffs, Markwest's relationship with UDW Minnesota, whose fulfillment center is located in Ohio, is evidence that Markwest transacts business in Ohio. This is a tenuous connection as Markwest receives electronic purchase orders from UDW's buyer in Minnesota and is not responsible for shipments to and from the Ohio fulfillment center. "Markwest does not buy product from UDW in Ohio [and] does not ship product to UDW in Ohio." Doc #: 53 at 7.

Plaintiffs also fail to produce any evidence regarding Markwest's connection to vendors Gooseberry, Michel, Malden, and Artistic Reflections or sales made at the Minneapolis Mart. Plaintiffs assert that Markwest has "business relationship[s]" with these Ohio vendors, rendering Markwest subject to personal jurisdiction in Ohio. Doc #: 30 at 8. However, Plaintiffs have produced no evidence indicating what connection Markwest has with these vendors or how these connections are related to their Complaint. Accordingly, Plaintiffs have not met their burden to show Markwest is subject to personal jurisdiction under Section (A)(1).

Section (A)(2) confers jurisdiction over a non-resident defendant "contracting to supply services or goods" in Ohio. Plaintiffs allege that Markwest's electronic purchase orders with UDW Minnesota constitute "contracts" under Ohio law and thereby confer jurisdiction because the court in *ALTA Analytics, Inc. v. Muuss* held that "'transacting business' subsumes the narrower act of contracting in Ohio." Doc #: 49 at 4 (citing *ALTA Analytics, Inc. v. Muuss*, 75 F. Supp. 2d 773, 779 (S.D. Ohio 1999). Markwest correctly notes that this is a misstatement of the law in *ALTA Analytics*, as the court in that case held that jurisdiction requires "not only the act of contracting itself, but also: (1) whether...the 'necessary nexus' exists between Defendants' business dealings in Ohio and the matters at issue in this case and (2) whether the cause of action arises from the contract." *ALTA Analytics, Inc*, 75 F. Supp. 2d at 779. Markwest's "contracts" with UDW Minnesota have *no* connection to Ohio and Plaintiffs have not shown how these purchase orders give rise to the allegations in the Complaint. Further, "the actual transaction of business *in-state* is a prerequisite to the exercise of long-arm jurisdiction under § 2307.382(A)(2)." *Kobill Airways Ltd. v. National Flight Services, Inc.*, 92 F. Supp. 2d 689, 692 (N.D. Ohio 2000) (emphasis added). Because none of these purchase orders constitute

business in Ohio, Plaintiffs have not met their burden to show Markwest is subject to personal jurisdiction pursuant to Section (A)(2).

Section (A)(4) of the statute confers jurisdiction over a non-resident defendant that "caus[es] tortious injury[2] in this state by an act or omission" outside Ohio if the party "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in" Ohio.

Plaintiffs have failed to meet their burden to show that Markwest regularly solicits business or engages in any other persistent course of conduct in Ohio. Further, Plaintiffs have failed to show that Markwest derives substantial revenue from goods used or consumed or services rendered in Ohio. Generally, sales amounting to less than 5% of total sales are not considered substantial revenue. See *Hoover v. Robeson Indus. Corp.*, 904 F. Supp. 671, 674 (N.D. Ohio 1995) (stating that the court did not find "any reported cases holding an amount equal to only 5% of total sales to be substantial"); *Beightler v. Produkte Fur Die Medizin AG*, 610 F. Supp. 2d 847, 850 (N.D. Ohio 2009) (concluding that sales amounting to less than 1% of total sales over a three year period was not substantial enough to satisfy the Ohio Long-Arm statute). Markwest's total commission from sales to UDW in Minnesota amounts to less than 1% of Markwest's annual commissions. Accordingly, Plaintiffs have not met their burden to show Markwest is subject to personal jurisdiction pursuant to Section (A)(4) of the Ohio Long-Arm statute.

---

[2]Trademark infringements are "analogous to tort cases" when reviewing jurisdiction. *Bird v. Parsons*, 289 F.3d 865, 876 (6th Cir.2002).

-11-

Section A(6) of the statute confers jurisdiction over a non-resident defendant that "caus[es] tortious injury in" Ohio "to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in" Ohio. As described in the preceding long-arm analyses, Plaintiffs have failed to meet their burden to produce specific evidence that Markwest sold the infringing Myra Bag products in Ohio. In *Campinha-Bacote v. Wick*, the court denied jurisdiction under section A(6) when plaintiffs failed to provide evidence that defendant's copyright infringement caused injury to the plaintiff in Ohio. *Wick*, No. 1:15-CV-277, 2015 WL 7354014, at *3 (S.D. Ohio Nov. 20, 2015). Because Plaintiffs do not allege specific facts regarding the infringement or even address the purpose element of this Section, Plaintffs have failed to show the Court has jurisdiction under Section (A)(6).

Since Plaintiffs have not met their burden to prove the Court has jurisdiction over Markwest pursuant to the Ohio Long-Arm statute, the Court does not need to conduct a Due Process inquiry. See *IDS Publishing Corp. V. Reiss Profile Europe, B.V.*, No. 2:16 CV 535, 2017 WL 4217156, at *10 (S.D. Ohio Sep. 19, 2017) (citing *Conn*, 667 F.3d at 712) ("[I]f jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, *and vice-versa*."). Accordingly, the Court grants Markwest's motion to dismiss.

### C. Defendants Cathy and NEST

Plaintiffs allege that Cathy and NEST are subject to personal jurisdiction pursuant to Ohio Long-Arm statute O.R.C. §§ 2307.382(A)(1)-(4).

Plaintiffs allege that from January 1, 2009 to January 1, 2019, Cathy sold its products (in total, not just Myra Bag products) to more than one hundred Ohio vendors, with sales amounting to almost $120,000.00. Ex. 6. Similarly, Plaintiffs allege that from January 1, 2016 to December 7, 2018, NEST sold its products (in total, not just Myra Bag products) to thirty-three businesses in Ohio, with sales amounting to approximately $71,000.00. Ex. 7. Cathy and NEST counter that the only orders with any connection to Ohio were made by representatives of Ohio companies who visited their Dallas, Texas and Las Vegas, Nevada showrooms, respectively. Cathy and NEST also indicate that even though they act as sales representatives for Ohio-based companies, their sales territories do not include Ohio. Exs. C, D.

Plaintiffs have failed to show that the Court has jurisdiction over these Defendants under Sections (A)(1) and (A)(2) of the Long-Arm statute because they have failed to show proximate cause, i.e., that these Defendants sold infringing Myra Bag products in Ohio. "The Court will not assume that such sales occur just because defendan[t] . . . has no reason to doubt that such a sale occurred." *Bridgeport Music*, 182 F. Supp. 2d at 661. Furthermore, the "actual transaction of business in-state is a prerequisite" to satisfying Section (A)(2). *Kobill*, 92 F. Supp. 2d at 692. Thus, purchases made by Ohioans in out-of-state showrooms (or products sold outside of Ohio by Defendants in their capacity as independent sales representatives) are insufficient to confer jurisdiction over them in Ohio.

Section (A)(3) provides jurisdiction over a non-resident defendant that "caus[es] tortious injury by an act or omission in" Ohio. Again, Plaintiffs have provided no evidence that these Defendants sold infringing products in Ohio. Rather, Plaintiffs argue that the "[s]ales of Myra Bag goods, even if not directly infringing those Mona B products set forth in the Complaint,

-13-

caused tortious injury in Ohio by *establishing a foothold of the Myra Bag brand throughout the stream of commerce in Ohio*, thereby ensuring that Ohio consumers will purchase the infringing products." Doc #: 50 at 10 (emphasis added). Plaintiffs have not provided, and the Court is unaware of, any case law supporting the proposition that "establishing a foothold" of a brand in Ohio that *may* someday include infringing products is sufficient to confer jurisdiction in Ohio. Thus, Plaintiffs have not met their burden to show the Court has Long-Arm jurisdiction over these Defendants under Section (A)(3). Plaintiffs' argument is no different when it comes to analyzing jurisdiction under Section (A)(4), thus, Plaintiffs have failed to show the Court has personal jurisdiction over these Defendants under Section (A)(4).

The Court does not need to conduct a Due Process inquiry for Cathy or NEST as Plaintiffs have not met their burden to prove that the Ohio Long-Arm statute confers jurisdiction over them. Accordingly, the Court grants Cathy and NEST's motion to dismiss.

### D. Defendant CLA

Defendant CLA appears to concede long-arm jurisdiction by confining its argument to Due Process jurisdiction only. Doc #: 33-1, at 8 n.1.

Plaintiffs allege that from May 1, 2012 to December 27, 2018, CLA sold its products (in total, not just Myra Bag products) to more than seven hundred Ohio vendors, accumulating over $4,000,000.00 in sales. Ex. 1. Plaintiffs also allege that CLA made more than 2,300 sales of Myra Bag products in Ohio and that seven of the allegedly infringing Myra Bag products were sold by CLA to Ohio. Ex. 2; Ex. 3; Ex. 5. Plaintiffs further allege that CLA has three independent contractors who sell Myra Bag products in Ohio. Ex. 9.

CLA asserts that it does not have a mailing address or office in Ohio, it has no employees or agents in Ohio, and it owns no accounts or real property in Ohio. Ex. F, ¶¶ 2–6. CLA does sell to three independent contractors in Ohio, but it has not trained or visited them in Ohio, and it has no control over the prices or types of Myra Bag products that these independent contractors sell in Ohio. *Id*. at ¶ 13. When CLA's independent contractors sell Myra Bag products, the orders and customer payments go directly to Myra Bag, which then ships the order directly to the Ohio customer. *Id*. at ¶ 7. CLA states that is a sales representative for one vendor located in Ohio, but its territory does not include Ohio. *Id*.

The Court finds that it does not have general jurisdiction over CLA because CLA is at home in Michigan, where it is incorporated and headquartered. The only tangible connection to Ohio is via independent contractors over whom it has little control, and via one Ohio vendor whose products it represents outside the State of Ohio. This is not an "exceptional case" where CLA's operations render it at home in Ohio. "Maintaining extensive operations within a state alone does not satisfy the general-jurisdiction exception. *See, e.g., BNSF*, 137 S.Ct. at 1559 (although BNSF operated one of its automotive facilities in Montana, had more than 2,000 Montana employees, and had more than 2,000 miles of Montana railroad tracks, BNSF is not subject to general jurisdiction in Montana)." *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018) (Polster, J.).

CLA denies specific jurisdiction based on the second prong of the Due Process test, the "arising from" requirement. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's *unconnected activities in the State.*" *Bristol-Meyers Squibb Co. v. Superior Ct. Of cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (emphasis added).

Here, Plaintiffs contend that CLA sold at least seven of the allegedly infringing Myra Bag products in Ohio. But, as Defendant correctly points out, the evidence shows that those sales were made by CLA's independent contractors, not CLA itself. Ex. 5. Moreover, the use of independent contractors alone does not confer specific jurisdiction when the defendant has little control over the actions of its independent contractors. See Doc #: 52 at 8 (citing *In re Impact Absorbent Techs., Inc.,* 1996 WL 765327, at *3 (6th Cir. Dec 18, 1996) ("Loraday is not [the defendant's] agent, and the actions of a distributor do not create the minimum contacts necessary to extend personal jurisdiction to the" defendant.); *Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F.Supp. 653, 661 (M. D. Tenn. Jan. 8, 2002) (conduct and contacts of independent distributor over which non-resident had little, if any control was not attributed to defendant). Defendants correctly note that Plaintiffs neither address nor distinguish these cases in their opposition brief. Doc #: 52 at 8. Since the second prong of the specific jurisdiction test is not satisfied, the Court need not consider the first and third prongs. See *McMunigal*, 2010 WL 2106186, at *3 ([b]ecause the first prong of the test for specific personal jurisdiction is not satisfied, the Magistrate Judge did not need to address the second and third prongs).

Plaintiffs have failed to meet their burden to show CLA is subject to general or specific jurisdiction in Ohio. The Court does not have jurisdiction over CLA pursuant to the Due Process Clause, and grants CLA's motion to dismiss.

### E. Defendants The Rep Connection and Penny Harrison & Co., Inc.

On July 23, 2018, Plaintiffs tried to serve these Defendants. Doc #: 10. On December 4, 2018, Plaintiffs filed applications for entry of default against them. Doc #: 36 (Penny Harrison), Doc #: 37 (The Rep Connection). On December 13, 2018, Plaintiffs filed a notice of withdrawal

of the aforementioned default applications. Doc #: 39 (Penny Harrison), Doc #: 40 (The Rep Connection). Fed. R. Civ. P. 4(m) requires plaintiffs to serve defendants within 90 days after a complaint is filed. A review of the docket shows that these particular Defendants have not been served. As it is nearly a year since Plaintiffs tried to serve them and Plaintiffs have not asked for more time to do so, these defendants are hereby dismissed without prejudice.

## IV. CONCLUSION

Accordingly, Defendant Markwest's Motion to Dismiss, **Doc #: 28**, is **GRANTED**. Defendant's Terry Moore & Associates, Inc,. Shannon Consultants, Inc., NEST, Inc., Cathy & Co., Cheryl Lynn Associates, LLC, and Peggy Lichty & Associates, Inc.'s Motion to Dismiss, **Doc #: 33**, is **GRANTED**. The claims against Defendants The Rep Connection and Penny Harrison are sua sponte dismissed based on the foregoing. All Defendants are dismissed without prejudice except for the Indian Defendants who must be served no later than August 1, 2019.

**IT IS SO ORDERED.**

                                       */s/ Dan A. Polster     June 13, 2019*
                                       **Dan Aaron Polster**
                                       **United States District Judge**